McKIE v. WASHINGTON et al.    (No. 8673.)

(Court of Civil Appeals of Texas.    Dallas.
Dec. 2, 1922.    Rehearing Denied
Jan. 20, 1923.)

Principal and agent ⬡�ि189(4)—No recovery
where complaint claims defendant was prin-
cipal in sale and evidence shows merely
agreement after sale to pay for shortage.

Where complaint in action against defend-
ant P., for shortage, etc., in seed bought and
paid for, was based on the claim that P. was
the principal of defendant W. in the sale, but
the evidence established no relation of princi-
pal and agent or of partners between defend-
ants, but at most an agreement of P., after
the shortage was discovered, to pay therefor,
verdict was properly directed for P.

Appeal fom Navarro County Court; A. P.
Mays, Judge.

Action by B. G. McKie against A. Wash-
ington and another.  From judgment on a
verdict directed for defendant S. G. Powers,
plaintiff appeals.  Affirmed.

W. A. Tarver and W. J. McKie, both of
Corsicana, for appellant.

Callicutt & Johnson, of Corsicana, for ap-
pellees.

ADAMS, Special Justice.  Appellant, B. G.
McKie, filed this suit against A. Washing-
ton, of Hubbard, Hill county, Tex., and S. G.
Powers, of Emmett, Navarro county, Tex., al-
leging that on about the 6th day of March,
1916, appellant purchased from appellee S. G.
Powers through appellee A. Washington a car
of cotton seed upon samples furnished by ap-
pellee Washington for himself and his coap-
pellee, S. G. Powers, at a stipulated price per
ton; that a draft was drawn upon him
through a bank at Waco with bill of lading
attached for the carload of cotton seed, which
draft he paid; that appellant shipped the
cotton seed to the Western Cotton Oil & Gin
Company at Haskel, Tex., and drew against
that customer a draft with bill of lading at-
tached; that the cotton oil mill refused to
accept the cotton seed because of their fail-
ure to come up to the sample and because of
shortage in weight.  Appellant allowed a
credit on the sale of $7 per ton, a total of
$157.37, and allowed the shortage in weight
of $26.47, and claims telegraph and telephone
expenses of $20.  Appellant also claims that
on the 3d day of March, 1916, he purchased 93
tons of cotton seed at a price of $25 per ton
from appellee Washington and that appellee
refused to deliver the cotton seed, causing
the appellant a loss of $130.30, or $1.40 per
ton, and that appellee Washington made the
contract for himself and for the use and bene-
fit of appellee S. G. Powers, and prays for a
joint and several judgment for the several
items and for costs.

Both appellant and appellee Powers have
assigned error to the action of the trial
court in his action on the plea to the juris-
diction of the court and also certain excep-
tions urged by them respectively.  In view
of the opinion that we have reached, it will
be unnecessary to discuss the questions
raised.

Appellee Washington failed to appear at
the trial on the 16th day of February, 1921,
and a judgment by default was rendered
against him with writ of inquiry and made
final for the sum of $398.82 in favor of ap-
pellant.  A jury was demanded, and, after the
evidence had closed, the court instructed the
jury to return a verdict in favor of appellee
Powers, which was accordingly done and
final judgment rendered for Powers with his
costs.

Appellant complains under different assign-
ments of the action of the trial court in giv-
ing the jury an instructed verdict against
him and in favor of appellee Powers.

Appellant charges in his pleading that ap-
pellee A. Washington was the agent of appel-
lee Powers in the transaction in question and
the cotton seed bought by appellant sold on
sample; that the product was inferior to
sample and there was a weight shortage;
that A. Washington and appellee Powers
agreed to stand for a deduction of $7 per
ton from the price of the cotton seed and also
to stand for the shortage in weight; that
Powers drew the draft originally for the car
of cotton seed; and that he had ratified the
statements of Washington with reference to
the cotton seed being according to sample,
and had himself received the proceeds of the
sale.  Appellee Powers denied these allega-
tions.

Appellant, having based his claim against
Washington as agent and Powers as principal
in the transaction in question, necessarily as-
sumed and was charged with the burden of
making out his case as he had fixed it.  The
record is silent as to any transaction between
appellant and appellee Powers, or any fact or
circumstance which would tend to create the
relation of principal and agent between Pow-
ers and Washington, or make them partners.
Appellant testifies that after he was advised
the cotton seed did not come up to sample,
and that there was a shortage in weight, he
talked with Powers over the phone, and that
Powers first said he would adjust the weight
claim, and that he had adjusted the dirt
claim with Washington.  This was denied by
appellee Powers, but, if it had been undisput-
ed, appellant could not, on his pleading, re-
cover against Powers.  Under appellant's
testimony, he would only have a claim
against Powers for the shortage in the weight
of the car of cotton seed by reason of the
agreement, if believed, and would have no
claim against him as a party to the original

transaction either as a principal or as a partner. Appellant did not seek to recover from Powers on the agreement to pay for the shortage in weight of the car of cotton seed, but charged him to be a principal in the original transaction, and wholly failed to offer fact or circumstance tending even remotely to establish that relation. Such being the state of the record, it was the duty of the trial court to instruct the jury to return a verdict in favor of appellee S. G. Powers. It is unnecessary to review the other assignments, as they would not affect this opinion.

The judgment of the trial court is, accordingly, affirmed.